### THEODORE S. CRANDALL *vs.* GEORGE W. SLAID & wife.

A *prochein ami*, as such, is not liable to costs.

THE plaintiff was an infant, and brought this action by Abram Anthony, his next friend. On the trial in the court of common pleas, before *Wells*, C. J. a verdict was returned for the defendants, and they thereupon moved "that judgment be rendered in their favor, against said Anthony, for costs, and that a writ of execution, or an attachment, or some order or process be made for the collection of said costs; the said Crandall being a minor, and poor, and unable to pay the same.' The judge decided that the motion should not be granted, and the defendants alleged exceptions to the decision.

*Byington & Harmon*, for the defendants. A *prochein ami* is liable to costs, if he fails in the suit, and may be proceeded against by attachment, if he refuses to pay them. 2 Sellon's Pract. 67. 3 Steph. N. P. 2067. *Slaughter* v. *Talbott,* Willes, 190. *Finley* v. *Jowle*, 13 East, 6. Bac. Ab. Infancy & Age, K. 2. 1 Hullock on Costs, (2d ed.) 231. *Crossen* v. *Dryer*, 17 Mass. 222. 2 Troubat & Haly's Pract. 466. Though it was decided, in *Smith* v. *Floyd*, 1 Pick. 275, that an infant was liable to costs, yet it does not follow that the *prochein ami* is not also liable; and in *Blood* v. *Harrington*, 8 Pick. 552, where a *prochein ami* was admitted, by way of amendment, to prosecute an action commenced by an infant in his own name only, Parker, C. J. said such *prochein ami* was "answerable for costs from the beginning."

*Robinson & Sayles*, for Anthony. Whatever may formerly have been, or now is, the law of England respecting an infant's liability to costs, it is settled, in this Commonwealth, that he is liable therefor, though he sues by *prochein ami*. *Smith* v. *Floyd*, 1 Pick. 275. And as judgment for costs must be rendered against the infant, there cannot be another judgment against the *prochein ami*. The case of *Crossen* v. *Dryer*, 17 Mass. 222, merely decided that a *prochein ami* was a plaintiff, within the meaning of *St.* 1784, *c.* 28, § 11, which required the plaintiff, or his agent or attorney, to indorse an original writ, whereby he would become responsible for costs. But by the law now in force, (Rev. Sts. *c.* 90, § 10,) no plaintiff who is an inhabitant of the state, is required to indorse a writ, or to procure an indorser, except by special order of the court.

The dictum cited from 8 Pick. was on a point not raised and was wholly extrajudicial.

WILDE, J. The defendants claim costs against the *prochein ami*, on the ground that the plaintiff, being an infant, is not liable therefor; and this claim seems to be supported by the English practice. But our practice has been different, and is conformable to our statutes regulating the recovery of

costs.   By the Rev. Sts. c. 121, § 1, it is provided that " in all civil actions, the party prevailing shall recover his costs against the other party, except in cases in which a different provision is made by law."   And so was the law previously to the revised statutes.   By St. 1784, c. 28, § 9, it was provided that " in all actions, as well those of *qui tam* as others, the party prevailing shall be entitled to his legal costs against the other."   According to the language and clear meaning of this statute, the court held, in Smith v. Floyd, 1 Pick. 275, that an infant plaintiff was liable to costs.   And we can have no doubt of the correctness of that decision.   The statute would admit of no other construction.   The infant was plaintiff, and was therefore liable by the express language of the statute. It was said, in that case, that after judgment against the infant plaintiff, the defendant might proceed against the *prochein ami*.   But he had indorsed the writ, and was liable, not as *prochein ami*, but as indorser.   And in all cases, if the defendant doubts the ability of the infant to pay costs, the *prochein ami* may be compelled to indorse the writ, or to procure a sufficient indorser, or to become nonsuit.

It is said in Blood v. Harrington, 8 Pick. 552, that a *pro chein ami* is answerable for costs.   But that dictum is inconsistent with the decision in Smith v. Floyd, and is not supported by any statute on the subject of costs.

*Exceptions overruled.*